UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
GIUSEPPE SPATOLA,

                Petitioner,

        -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------X

**MEMORANDUM & ORDER**
06 CV 3859
06 CV 5554

DEARIE, Chief Judge.

On April 4, 1996, petitioner pled guilty to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846, and on September 22, 1998, he was sentenced to 151 months imprisonment. He did not file an appeal. Eight years later, petitioner filed two motions to vacate his conviction, one dated August 1, 2006 and one dated September 25, 2006. In both he argues that his conviction should be vacated because neither the Court nor his attorney informed him that he would be deported as a consequence of his plea.

The petitions are barred by the applicable one-year statue of limitations. 28 U.S.C. § 2255. Petitioner's September 1998 conviction became final for statute of limitations purposes when the time for filing his direct appeal expired ten days later. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) ("for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"). Accordingly, the petitions are nearly seven years late.

In any case, petitioner's claims fail on the merits. Petitioner was subject to discretionary, not automatic, deportation. Consequently, the Court's failure to advise him of the possibility of deportation is not grounds for habeas relief. See Zhang v. United States, 506 F.3d 162, 167 (2d

Cir. 2007) (citing Michel v. United States, 507 F.2d 461, 465-66 (2d Cir. 1974)). Moreover, counsel who represented petitioner at the plea proceeding submitted an affidavit indicating that he gave no advice to his client regarding the possible deportation consequences of his plea. (Iannuzzi Aff. ¶ 2.) An attorney's failure to inform a client that deportation could be a consequence of a guilty plea does not alone constitute ineffective assistance of counsel. See United States v. Cuoto, 311 F.3d 179, 187-88 (2d Cir. 2002) (citing, e.g., United States v. Santelises, 509 F.2d 703, 704 (2d Cir. 1975) (per curiam)).

Petitioner has a significant history of seeking to withdraw his guilty plea, pro se and with the assistance of two different counsel. Shortly after the plea, he sought withdrawal on the ground that he was innocent and only pled guilty because he lost confidence in his attorney's ability to defend him. Further, he alleged that was coerced by counsel to plead. He later claimed that his plea was not knowing and intelligent because the Magistrate Judge failed to inform him of the consequences his plea could have on his term of federal incarceration and his status as a special federal parolee. Petitioner through counsel then sought to withdraw all of his previously filed motions to withdraw his plea. The Court refuses to entertain at this late date any further claims by petitioner that he did not plead knowingly or voluntarily.

The motions are denied, and the petitions are dismissed. A certificate of appealability will not issue. See 28 U.S.C. § 2253. The Clerk of the Court is directed to close the case.

SO ORDERED.
Dated: Brooklyn, New York
February 20, 2009

s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge

2